Argued November 19, affirmed December 9, 1974

MITCHELL, *Petitioner, v.* PUBLIC WELFARE
DIVISION, *Respondent.*

528 P2d 1371

*Robert H. Anderson,* Roseburg, argued the cause

for petitioner. With him on the brief were Stults, Murphy & Anderson, Roseburg.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Petitioner's mother is a welfare recipient. He was assessed for part of the welfare money expended for her from January 1, 1971 to June 30, 1973. He requested and was afforded a hearing, after which the assessment was affirmed. This appeal is from that order. Petitioner claims that "* * * during the minority of the child [petitioner], such person [his mother] wilfully deserted or abandoned * * *" him, and therefore, under the terms of ORS 416.030 (2)(c), pertinent parts of which are included in the above quotation marks, petitioner is not responsible for the assessment.

Testimony at the hearing showed that petitioner was born in Bald Knob, Arkansas in 1924, and that his father was then married to and living with a woman other than petitioner's mother. When petitioner was about a year old, his mother left him with his father. He knew his stepmother as his mother, but when his mother moved in with the family on his father's farm when petitioner was about seven years old he became aware of the facts. In the interim his mother had lived and worked as a domestic and field hand for a bare existence at several places in the Bald

Knob area. After she was taken in by the family she worked on the farm and sometimes took care of sick people. This was in depression times. She had no money and contributed nothing to petitioner's support, unless her work on the family farm could be called a contribution. Petitioner was in the service during World War II, after which he returned and worked the farm. The living arrangements continued about the same for a time, but petitioner moved to Oregon in 1952. Later the father and stepmother died. He brought his mother to Oregon soon afterward.

In *Cheatham v. Juras,* 11 Or App 108, 112, 501 P2d 988 (1972), we said:

> "* * * By the terms of ORS 416.030 (2) (c) * * * desertion or abandonment must have been wilful if they are reasons for exempting the child from support * * *."

■ Petitioner seeks to convince us that the word "wilful" in the context of the statute applies only to the word "deserted" and not to the words "or abandoned." We have not so interpreted it before, and we do not agree that we should change that interpretation.

Petitioner's mother was 24 when petitioner was born, and had never been to school. She testified at the hearing. Concerning her initial leaving of her child with his father, she said:

> "I wasn't able to take care of him, carry him about the place and work.
>
> "* * * * *.
>
> "* * * I didn't just give him away, but I just left him.
>
> "* * * * *.
>
> "No, I didn't have money to——
>
> "* * * * *.

"Nothing but a birthday gift or Christmas package or something like that.

"* * * * *.

"* * * I did see him every once in awhile."

■ At about the petitioner's age of seven, as noted, she moved in with or was taken in by the family. Her work on the farm, small as it might have been, contributed to the food raised for all of the farm's occupants. These are not words and actions of wilful desertion or abandonment.

Affirmed.